BERNARD-BEERE v. MAYER et al.

(City Court of New York, General Term. October 29, 1900.)

1. INDEMNITY BOND—EVIDENCE—DEFECTIVE CONTRACT.
   Where an action is brought on an indemnity bond, conditioned to perform the obligation of a contract, which was never signed by the parties, the defect in such contract cannot be cured by introducing in evidence certain letters written by defendants' attorney prior to giving such bond, in the absence of a showing that he had authority to bind defendants.

2. SAME—PAROL EVIDENCE TO VARY CHARACTER OF CONTRACT.
   In an action on an indemnity bond, conditioned on the obligation to pay a sum of money under a certain contract, parol evidence of the contents of letters written by an attorney of defendants prior to giving the bond is inadmissible to change the character of the contract.

Appeal from trial term.

Action by Fanny Mary Bernard-Beere against Marcus R. Mayer and others to recover on an alleged indemnity bond. From a judgment in favor of the defendants, plaintiff appeals. Affirmed.

Argued before FITZSIMONS, C. J., and CONLAN, J.

Howe & Hummel, for appellant.

Mitchell L. Erlanger, for respondents Jefferson and others.

Dittenhoefer, Gerber & James, for respondent Mayer.

CONLAN, J. The action was brought to recover upon an alleged bond of indemnity of the defendants to the plaintiff, conditioned upon her obligation to pay a certain sum to one Wyndham. Annexed to the bond is a paper writing, which was attempted to be made the subject of a contract between the plaintiff and Wyndham, under which, as it is claimed, the plaintiff, who is an actress, was to produce upon certain terms, and for a period therein mentioned, a certain play, known as "The Fringe of Society," and which it is conceded was the property of Wyndham. This identical paper appears not to have been signed, nor is there any allegation in the complaint that there ever was any execution of the same. Indeed, the provisions of the bond refer to this paper as a "paper writing, of which the annexed is a copy." Then follows the precise paper in question as we have stated it, and without any signature attached. The contention of the defendants is that there was never any contract between the plaintiff and Wyndham, and that the alleged bond of indemnity was therefore null and void; and, further, that any payment by the plaintiff to Wyndham under the terms of any such paper was her voluntary act, and that the defendants are therefore not liable to respond. Upon a former appeal to the general term of this court (30 Misc. Rep. 815, 61 N. Y. Supp. 926), the court, in reversing a judgment in favor of the plaintiff, said, among other things:

"The paper writing annexed to the indemnity bond does not constitute a contract in writing; it is not signed by any party; there is no verbal contract proved whatever. What right, then, did the plaintiff have to pay the two hundred and fifty pounds to Wyndham? She was under no obligation whatever to him."

Upon the last trial an effort was made to cure this defect by evidence attempted to be obtained from the attorney of one of the defendants, by the introduction of letters written by him to the attorney then representing the plaintiff in certain alleged negotiations; but this evidence was rejected, as it was not shown that he had authority to bind the defendants, and also that parol evidence to change the character of a written instrument was inadmissible. This we think was not error. The letter antedates the alleged bond of indemnity, and, as we have shown, was not binding upon the defendants. We think the evidence was wholly inadmissible, which had the tendency to vary the legal effect of a written instrument subsequently made; and, because there was no subsisting or existing contract proven or alleged between the plaintiff and Wyndham, there was consequently no liability on the part of the defendants under the bond of indemnity, and the case appears to have been correctly determined at the trial term. The conclusion thus reached disposes of all the exceptions raised to the exclusion of evidence. Judgment appealed from must therefore be affirmed, with costs.

FITZSIMONS, C. J., concurs.